UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 17-121-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| JUSTIN FRY | MAGISTRATE JUDGE KAY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed by Petitioner Justin Fry ("Fry"). See Record Document 165. The Government filed a response. See Record Document 167. For the following reasons, Fry's motion is **DENIED**.

**BACKGROUND**

On April 6, 2016, Justin Fry, James Coleman ("Coleman"), and Sarah Paxton were attempting to purchase methamphetamine. They were given the name of a person in Liberty, Texas who might be able to connect them to a supplier of methamphetamine. Fry contacted the person, who thereafter contacted a third party, who agreed to supply methamphetamine to the three defendants.

The three defendants drove to Liberty, Texas to meet the contact. The contact introduced Coleman to the supplier of methamphetamine in a mall parking lot. The supplier robbed Coleman at gunpoint of the money he brought to purchase methamphetamine, and then sped away with the contact.

Fry, Coleman, and Paxton drove after them. While following the supplier, they slowed down to enter the highway on-ramp when the contact jumped from the moving car, rolling down an embankment and injuring himself. Coleman and Fry retrieved him and hit him a few times.

They then duct taped the contact's hands and covered his eyes, believing that he had knowledge that the supplier had intended to rob Coleman. The defendants demanded money from the contact's family and placed him in the truck of their car for about one to one and a half hours, until he was able to escape in Louisiana.

Fry pled guilty to one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). He was sentenced by this Court to 292 months in prison. Fry appealed, arguing that this Court erred when it imposed a six-level enhancement to his guideline range under United States Sentencing Guidelines § 2A1.(b)(1), which applies "if a ransom demand . . . was made." On April 14, 2020, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction and sentence. This judgment was entered in the court record on May 6, 2020. See Record Document 150.

Fry filed the instant motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on October 14, 2021. Fry argues that his counsel was ineffective at sentencing for failing to object to the six-level enhancement for a ransom demand. Before considering the merits of Fry's Section 2255 motion, this Court must decide the issue of timeliness, as the Government argues that Fry did not file his motion in accordance with the applicable statute of limitations. See Record Document 167.

## LAW AND ANALYSIS

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a); United States v. Scruggs, 691 F.3d

660, 666 (5th Cir. 2012). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." <u>United States v. Young</u>, 77 F. App'x 708, 709 (5th Cir. 2003) (citation omitted).

To review the merits of a motion under Section 2255, it must be filed within the statute of limitations.  Title 28, United States Code, Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Here, Section 2255(f)(1) is controlling.

In connection with the filing of a Section 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed." <u>United States v. Thomas</u>, 203 F.2d 350, 352 (5th Cir. 2000). "When a federal defendant files a timely notice of appeal, a judgment of conviction becomes final for purposes of § 2255(f)(1) . . . upon expiration of the 90-day period" for filing a petition for writ of certiorari with the Supreme Court when no such petition has been filed.  <u>United States v. Franks</u>, 397 F. App'x 95, 98 (5th Cir. 2010).  Fry filed a timely notice of appeal, upon which the United States Court of Appeals ruled.  He therefore would have had one year and ninety days from the entry of judgment, May 6, 2020, in which to file his Section 2255

motion. He did not file the instant Section 2255 motion until September 13, 2021, at the earliest, which is beyond this time deadline. See Record Document 165; see also Franks, 397 F. App'x at 98 (under the prison mailbox rule, a prisoner's motion is deemed filed the day the motion is deposited into a legal mailbox at the prisoner's correctional institution). For this reason, Fry's Section 2255 motion must be dismissed as untimely.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Fry's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 (Record Document 165) is **DENIED**.

Pursuant to Rule 11(a) of the rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of November, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE