UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION 17-121-01 |
| VERSUS | JUDGE DONALD E. WALTER |
| JUSTIN FRY | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, filed by Petitioner Justin Fry ("Fry"). See Record Document 165. The Government filed a response. See Record Document 167. For the following reasons, Fry's motion is **DENIED**.

### BACKGROUND

On April 6, 2016, Justin Fry, James Coleman ("Coleman"), and Sarah Paxton were attempting to purchase methamphetamine. They were given the name of a person in Liberty, Texas, who might be able to connect them to a supplier of methamphetamine. Fry contacted the person, who thereafter contacted a third party, who agreed to supply methamphetamine to the three defendants.

The three defendants drove to Liberty, Texas, to meet the contact. The contact introduced Coleman to the supplier of methamphetamine in a mall parking lot. The supplier robbed Coleman at gunpoint of the money he brought to purchase methamphetamine, and then sped away with the contact.

The three defendants drove after the supplier and the contact. While following the supplier, they slowed down to enter the highway on-ramp when the contact jumped from the moving car, rolling down an embankment and injuring himself. Coleman and Fry retrieved the contact and hit

him a few times. They then duct taped the contact's hands and covered his eyes, believing that he had knowledge that the supplier had intended to rob Coleman. The defendants demanded money from the contact's family and placed him in the trunk of their car for about one to one and a half hours, until he was able to escape in Louisiana.

Fry pled guilty to one count of kidnapping in violation of 18 U.S.C. § 1201(a)(1). He was sentenced by this Court to 292 months in prison. Fry appealed, arguing that this Court erred when it imposed a six-level enhancement to his guideline range under United States Sentencing Guidelines § 2A4.1(b)(1), which applies "if a ransom demand . . . was made." On April 14, 2020, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction and sentence. This judgment was entered in the court record on May 6, 2020. See Record Document 150. Fry filed the instant motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 on October 14, 2021. Fry argues that his counsel was ineffective at sentencing for failing to object to the six-level enhancement for a ransom demand.

## LAW AND ANALYSIS

**A.  Section 2255 And Ineffective Assistance Of Counsel.**

To review the merits of a motion under Section 2255, it must be filed within the statute of limitations. Title 28, United States Code, Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Here, Section 2255(f)(1) is controlling.

  In connection with the filing of a Section 2255 motion, "a conviction becomes final when a defendant's options for further direct review are foreclosed." United States v. Thomas, 203 F.3d 350, 352 (5th Cir. 2000). "When a federal defendant files a timely notice of appeal, a judgment of conviction becomes final for purposes of § 2255(f)(1) . . . upon expiration of the 90-day period" for filing a petition for writ of certiorari with the Supreme Court when no such petition has been filed.  United States v. Franks, 397 F. App'x 95, 98 (5th Cir. 2010).  Fry filed a timely notice of appeal, upon which the United States Court of Appeals ruled.  This Court previously found that Fry would have had one year and ninety days from the entry of judgment, May 6, 2020, in which to file his Section 2255 motion.  See Record Document 168.  However, this finding was incorrect.  Due to the nationwide pandemic, the United States Supreme Court extended the deadline to file a petition for a writ of certiorari to 150 days from the date of the lower court judgment.  Therefore, Fry's Section 2255 was actually timely pursuant to this extension.[1]  Accordingly, this Court will proceed to address the  merits of Fry's Section 2255 motion.

  Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court when: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3)

---

[1] Fry filed the instant Section 2255 motion on September 13, 2021, at the earliest. See Record Document 165; see also Franks, 397 F. App'x at 98 (under the prison mailbox rule, a prisoner's motion is deemed filed the day the motion is deposited into a legal mailbox at the prisoner's correctional institution).

3

"the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a); United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Young, 77 F. App'x 708, 709 (5th Cir. 2003) (citation omitted).

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'"  Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 1610 (1998) (internal quotations and citations omitted).  Rather, after a defendant is convicted and exhausts the right to appeal, a court is "'entitled to presume that [the defendant] stands fairly and finally convicted.'"  United States v. Shaid, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting United States v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982)).

Courts may consider claims for ineffective assistance of counsel brought for the first time in a Section 2255 motion.  See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). To successfully state an ineffectiveness claim, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.  See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Failure to establish either prong of the Strickland test will result in a finding that counsel's performance was constitutionally effective.  See id. at 696, 104 S. Ct. at 2069; see also Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997).  In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ."  Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be

4

considered sound trial strategy." Id. (quotations and citation omitted). If a tactical decision is "conscious and informed . . . [it] cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Crane v. Johnson, 178 F.3d 309, 314 (5th Cir. 1999).

To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A defendant is not prejudiced if "the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S. Ct. 838, 844 (1993). Moreover, "[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." Green v. Johnson, 160 F.3d 1029, 1042–43 (5th Cir. 1998).

**B.     Failure To Object To Six-Point Increase As Double Counting.**

Fry contends that he was denied effective counsel at sentencing, as his counsel failed to investigate and object to the inclusion of a six-point sentencing enhancement for a ransom demand. Essentially, Fry contends that his attorney should have objected to the enhancement on the grounds that kidnapping already has an element of ransom and, therefore, the inclusion of the enhancement constituted double counting. Fry's sentencing range was 292-365 months including the enhancement, and he was sentenced to 292 months of imprisonment. However, without the enhancement, Fry's sentencing range would have been 151-188 months.[2]

---

[2] To show that an attorney's performance at sentencing in a noncapital case was prejudicial under Strickland, Fry must demonstrate that his counsel's error led to some increase in the length of his imprisonment. See United States v. Herrera, 412 F.3d 577, 581 (5th Cir. 2005).

5

Even if this Court found that his counsel's failure to object was deficient, which it was not, Fry must show a prejudicial effect. Fry simply cannot do this in light of existing Fifth Circuit precedent. The Fifth Circuit has clearly stated that there is no prejudicial effect due to counsel's failure to object on this ground in United States v. Cedillo-Narvaez, 761 F.3d 397, 403 (5th Cir. 2014). In Cedillo-Narvaez, the Fifth Circuit found that an objection to the inclusion of a ransom demand due to alleged double counting would fail, because the language of United States Sentencing Guideline Section 2A4.1(b)(1) does not specifically forbid double counting. The Cedillo-Narvaez court went further to provide that an objection to a ransom enhancement would fail even when ransom is an element of the underlying offense. See Cedillo-Narvaez, 761 F.3d at 403 n.4. Therefore, it is clear that any objection from Fry's counsel to the ransom enhancement based on double counting would have failed and the outcome of the sentencing hearing would have been the same. Accordingly, Fry was not prejudiced by his counsel's failure to make a meritless objection. See United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim[.]"). Accordingly, Fry's enhancement was properly applied under the United States Sentencing Guidelines and current Fifth Circuit caselaw, and Fry has not shown a prejudicial effect.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Fry's Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255 (Record Document 165) is **DENIED**.

Pursuant to Rule 11(a) of the rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the

parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 1st day of June, 2022.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE